## SCHUYLER *v.* FITCHBURGH R. CO.

*(Supreme Court, General Term, Third Department.* September 22, 1892.)

1. RAILROAD COMPANIES—KILLING STOCK—CATTLE GUARDS.

   In an action against a railroad company for killing a horse which had strayed on the track, the question whether defendant had erected proper cattle guards, as required by statute, at this point, is a question for the jury.

2. SAME—EVIDENCE.

   Evidence as to whether the cattle guard at the point at which the horse came on the track was the same as those in general use on the road was properly excluded.

3. SAME—EVIDENCE.

   The fact that the cattle guard, which consisted of a ditch, was, and had been for two weeks, filled with snow and ice, so as to be practically useless, is to be considered by the jury in determining whether defendant had properly protected its track.

Action by James P. Schuyler against the Fitchburgh Railroad Company for the killing of a horse. A judgment for plaintiff and an order denying a new trial were affirmed on appeal. 20 N. Y. Supp. 269. Defendant moves for a reargument or for case to go to the court of appeals. Denied.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*T. F. Hamilton,* for appellant. *James B. Egan,* for respondent.

HERRICK, J. None of the questions discussed in this case were overlooked by the court in coming to the conclusion heretofore announced. The question as to whether the defendant properly protected its road, and was or was not negligent, was a question of fact, and was properly submitted to the jury, and there was evidence to sustain their finding, and I can find no substantial error in the charge of the court. The evidence as to whether the cattle guard in question was the same as those in general use on the road was properly excluded. Such evidence would not establish, or tend to establish, the fact that the cattle guard was a sufficient one. The defendant's system may be an improper one. Again, the evidence is that the guard in question, a ditch across the road, was, and had been for two weeks before the accident, filled with ice. While the mere fact that such a guard is filled with ice is not, within some of the authorities, evidence of negligence on the part of the defendant, yet its being allowed to remain filled for a long period of time may, I think, be considered by the jury in determining whether a railroad company has properly guarded and protected its lines. A cattle guard, good and sufficient when first constructed, may be so neglected as to afford no protection whatever; and the fact that it was originally proper in kind and sufficient in construction would be no defense to the railroad for allowing it to become and remain insufficient. I think there are no questions of law in the case of sufficient importance to warrant us in sending it to the court of appeals. Motion denied, with $10 costs. All concur.